55644
of
150
IS ISSUED ✓
RULE 4.1
ER FORM
ISSUED
DPTY. CLK. M 5-4-04
ATE

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

TREXEL, INC. and )
MASSACHUSETTS INSTITUTE )
OF TECHNOLOGY, )
 )
Plaintiffs )
 )
v. )  VERIFIED COMPLAINT
 )  AND JURY DEMAND
DISPOZO PRODUCTS, INC., )
 )
Defendant )

04cv10879 JLT

MAGISTRATE JUDGE Collings

## INTRODUCTION

This case involves defendant's infringement of patents held by Massachusetts Institute of Technology ("MIT") and Trexel, Inc. ("Trexel"), a Massachusetts company, as well as defendant's breach of a written settlement agreement with Trexel regarding Trexel's intellectual property.

## THE PARTIES

1. Plaintiff Trexel is a Massachusetts corporation with a principal place of business in Woburn, Massachusetts.

2. Plaintiff MIT is a nonprofit university organized in Massachusetts and located in Cambridge, Massachusetts.

3. Defendant Dispozo Products, Inc. ("Dispozo") is, upon information and belief, a South Carolina corporation with a principal place of business in Fountain Inn, South Carolina.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over Counts One – Four of this action pursuant to 28 U.S.C. §1338 because the Counts involve patent infringement.

5. This Court has declaratory judgment jurisdiction pursuant to 28 U.S.C. §2201 over Count Six of this action to determine the parties' rights and obligations in view of Dispozo's breach of the settlement agreement because a controversy exists as to Trexel's right to suspend its performance and seek restitution of amounts paid to Dispozo.

6. This Court has subject matter jurisdiction over Count Eight of this action pursuant to 28 U.S.C. 1338(b) because the count is a claim of unfair competition joined with a count containing a claim of patent infringement.

7. This Court has supplemental jurisdiction over Counts Five – Eight pursuant to 28 U.S.C. §1367 because there is a common nucleus of operative facts between Counts One – Four and Counts Five – Eight.

8. This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. §1332 because the plaintiffs are of different citizenship than Dispozo and because the claims involve more than $75,000.

9. This Court has personal jurisdiction over Dispozo because, among other things:

- Dispozo contracted with Trexel to license technology developed in Massachusetts by MIT and Trexel;

- Dispozo contracted with Battenfeld Gloucester Engineering in Massachusetts to provide equipment for use in conjunction with the MIT and Trexel technology;

- Dispozo participated in a mediation of a dispute with Trexel in Boston, Massachusetts, which is related to this action;

- Dispozo executed a written settlement agreement with Trexel on the basis of the Massachusetts mediation, the breach of which settlement agreement is one of the grounds for this action;

- Dispozo sent an executed copy of the settlement agreement to Trexel in Massachusetts;

- In connection with the settlement agreement, Trexel and Dispozo executed a security agreement providing for Dispozo to have a security interest in assets of Trexel located in Massachusetts;

- Dispozo has infringed patents owned or licensed by two Massachusetts entities;

- Dispozo has caused financial injury to MIT and Trexel in Massachusetts;

- There is a dispute over Trexel's obligation to make future payments to Dispozo from Massachusetts and over Dispozo's right to a security interest in Trexel assets located in Massachusetts; and

- Dispozo advertises and sells its products on a national basis, including the products which infringe on the patents at issue and violate the terms of the settlement agreement between Trexel and Dispozo.

10. Venue is proper in this Court, pursuant to 28 U.S.C. §1391, because both MIT and Trexel are located in Massachusetts, because contacts relevant to this action occurred in Massachusetts and because this action concerns the infringement of patents owned by entities located in Massachusetts, trade secrets developed in Massachusetts and a security interest in property located in Massachusetts.

3

## BACKGROUND FACTS

11. MIT is the owner of numerous patents related to the manufacture of Microcellular Foam Products ("MFPs").

12. On December 15, 1997, MIT and Trexel entered into an Amended and Restated Patent License Agreement ("MIT License Agreement") pursuant to which MIT granted Trexel an exclusive right to use and sublicense technology covered by various MIT patents related to manufacture of MFPs. A copy of the MIT License Agreement, with amendments, is attached as Exhibit A. Four of the specific patents licensed by MIT to Trexel are discussed below.

13. United States Patent No. RE 37,932 (the "'932 Patent"), entitled "Supermicrocellular Foamed Materials," issued on December 10, 2002. MIT is the owner by assignment of the '932 Patent, and Trexel is the exclusive licensee of the '932 Patent pursuant to the MIT License Agreement. A copy of the '932 Patent is attached as Exhibit B1.

14. United States Patent No. 5,158,986 (the "'986 Patent"), entitled "Microcellular Thermoplastic Foamed with Supercritical Fluid," issued on October 27, 1992. MIT is the owner by assignment of the '986 Patent, and Trexel is the exclusive licensee of the '986 Patent pursuant to the MIT License Agreement. A copy of the '986 Patent is attached as Exhibit B2.

15. United States Patent No. 5,866,053 (the "'053 Patent"), entitled "Method for Providing Continuous Processing of Microcellular and Supermicrocellular Foamed Materials," issued on February 2, 1999. MIT is the owner by assignment of the '053 Patent, and Trexel is the exclusive licensee of the '053 Patent pursuant to the MIT License Agreement. A copy of the '053 Patent is attached as Exhibit B3.

16. United States Patent No. 6,051,174 (the "'174 Patent"), entitled "Method for Providing Continuous Processing of Microcellular and Supermicrocellular Foamed Materials,"

issued on April 18, 2000. MIT is the owner by assignment of the '174 Patent, and Trexel is the exclusive licensee of the '174 Patent pursuant to the MIT License Agreement. A copy of the '174 Patent is attached as Exhibit B4.

17. Plaintiffs will refer to the '932 Patent, the '986 Patent, the '053 Patent, and the '174 Patent collectively as the "MIT Patents."

18. Trexel is the owner of numerous other patents related to the manufacture of MFPs (collectively the "Trexel Patents"). Trexel also has applied for other patents related to the manufacture of MFPs which have not yet issued.

19. Trexel utilized MIT Patents, other patents licensed from MIT, the Trexel Patents and other confidential, proprietary trade secret information related to manufacturing equipment and manufacturing processes ("Trexel Know-how") to develop the MuCell microcellular foaming process for manufacture of MFPs ("MuCell Process"). Trexel has licensed the MuCell Process to North American, European and Asian polymer converters for use in their manufacturing processes to make MFPs.

20. Effective September 18, 2000, Trexel and Dispozo executed an Extrusion License Agreement ("Dispozo License") pursuant to which Dispozo obtained a license from Trexel to enable Dispozo to manufacture MFPs through use of the MuCell Process. The Dispozo License covered, among other things, the MIT Patents, the Trexel Patents, Trexel Know-how, and various Mucell machines. A copy of the Dispozo License is attached hereto as Exhibit C.

21. Trexel's proprietary technology covered by the Dispozo License included, among other things:

- A primary polymer processing screw required to mix supercritical carbon dioxide ($CO_2$) into a single phase solution and achieve pressures to maintain gas (SCF) in a single phase solution while conveying polymer at rates up to 1000 pounds per hour or higher;

- $CO_2$ injectors and injector designs (covered by a patent pending) required to disperse gas into the polymer at a specified point of entry into the barrel;

- Detailed die lip manufacturing designs, including nucleation gap and exit gaps;

- Explanations of the underlying physical and mechanical principles behind the formation of MFPs; and

- Processing know-how including exact $CO_2$ concentrations, required temperatures of the polymer gas combination at the die entrance, required temperatures of the die lips, required temperatures of the polymer at the exit of the die, and pressure regimens at the entry and exit of the die.

22. The Dispozo License (Section 9.11) provided that MIT was an "intended" third party beneficiary under the license.

23. The Dispozo License (Section 9.9) provided that any disputes would be mediated in Boston, Massachusetts, and then, if necessary, submitted to binding arbitration in Boston.

24. Pursuant to the License Agreement, Trexel delivered proprietary technology to Dispozo's facility in Fountain Head, South Carolina, and Trexel engineers spent weeks assisting Dispozo to implement Trexel's proprietary MuCell Process at the Facility.

25. In approximately 2001, Trexel and Dispozo became involved in a dispute over the Dispozo License and in particular over Dispozo's contention that the MuCell Process installed at its facility in South Carolina had not been implemented in a timely fashion and did not function

as represented. Trexel denied any liability to Dispozo, and contended that Dispozo was responsible for any delays in installation and any functionality problems.

26. In May 2002, Dispozo and Trexel mediated their dispute in Boston, with the principals of both companies participating in the mediation session. As a result of the mediation, on June 13, 2002, Dispozo and Trexel executed a Settlement Agreement. A copy of the Settlement Agreement is attached hereto as Exhibit D. The Settlement Agreement provided, among other things, that:

- Trexel would pay Dispozo $140,000 upon execution of the Settlement Agreement;

- Dispozo would return specific equipment embodying proprietary Trexel technology to Trexel;

- Trexel would pay Dispozo $140,000 upon the return of the equipment;

- Upon receipt of the two $140,000 payments, the Dispozo License was to terminate automatically, and Dispozo was to have no rights "to use technology owned or licensed by Trexel;" and

- Trexel would execute a promissory note in the amount of $500,000 in favor of Dispozo ("Promissory Note"), secured by royalties and licensing income pursuant to a Security Agreement. A copy of the Promissory Note, which Trexel executed on June 13, 2002, is attached to the Settlement Agreement. A copy of the Security Agreement, which Dispozo and Trexel executed on the same day, also is attached to the Settlement Agreement.

27. Upon execution of the Settlement Agreement, Trexel promptly made the first $140,000 payment to Dispozo.

28. Upon execution of the Settlement Agreement, Dispozo delayed in returning the proprietary Trexel equipment to Trexel. Dispozo did not send a list of the equipment to Trexel until October 8, 2002. At that time Dispozo represented that it would deliver the equipment by November 4, 2002. Despite further prompting by Trexel, Dispozo did not return the equipment until approximately December 18, 2002. Upon information and belief, Dispozo utilized Trexel's equipment between the June 13, 2002 settlement date and the return of the equipment in mid-December 2002 to manufacture and sell MFPs and to copy Trexel's proprietary technology.

29. Upon the return of the Trexel equipment, Trexel promptly made the second $140,000 payment to Dispozo.

30. Upon information and belief, in violation of the Settlement Agreement, Dispozo has continued to utilize the MIT Patents, the Trexel Patents and Trexel Know-how to manufacture MFPs in the form of plastic school lunch trays that are identical or substantially similar to the trays which Dispozo manufactured and/or expected to manufacture with the MuCell Process prior to the Settlement Agreement.

31. Upon information belief, Dispozo has infringed and is continuing to infringe the '932 Patent, the '986 Patent, the '053 Patent, and the '174 Patent by making and using MIT's patented systems and methods to manufacture MFPs in the form of plastic school lunch trays, and by making, using, and selling the resulting lunch trays, after the termination of the Dispozo License.

32. Dispozo advertises that it uses a "patented $CO^2$ foaming process" to manufacture the plastic school lunch trays.

33. Dispozo has sold the plastic school lunch trays to school districts and other customers throughout the United States.

34. The damage to MIT and Trexel from Dispozo's patent infringement and other wrongful conduct is severe and irreparable.

## COUNT ONE
## (MIT AND TREXEL AGAINST DISPOZO):

### INFRINGEMENT OF THE '932 PATENT

35. MIT and Trexel restate and incorporate by reference the allegations in Paragraphs 1-35.

36. Upon information and belief, Dispozo has infringed and is continuing to infringe the '932 Patent.

37. Upon information and belief, Dispozo's infringement has been willful and deliberate.

38. MIT and Trexel are suffering damages and irreparable injury by reason of Dispozo's infringement of the '932 Patent.

39. MIT and Trexel are entitled to recover damages for Dispozo's infringement, including treble damages for willful infringement, as well as injunctive and other equitable relief.

## COUNT TWO
## (MIT AND TREXEL AGAINST DISPOZO):

### INFRINGEMENT OF THE '986 PATENT

40. MIT and Trexel restate and incorporate by reference the allegations in Paragraphs 1-39.

41. Upon information and belief, Dispozo has infringed and is continuing to infringe the '986 Patent.

42. Upon information and belief, Dispozo's infringement has been willful and deliberate.

43. MIT and Trexel are suffering damages and irreparable injury by reason of Dispozo's infringement of the '986 Patent.

44. MIT and Trexel are entitled to recover damages for Dispozo's infringement, including treble damages for willful infringement, as well as injunctive and other equitable relief.

COUNT THREE
(MIT AND TREXEL AGAINST DISPOZO):

INFRINGEMENT OF THE '053 PATENT

45. MIT and Trexel restate and incorporate by reference the allegations in Paragraphs 1-44.

46. Upon information and belief, Dispozo has infringed and is continuing to infringe the '053 Patent.

47. Upon information and belief, Dispozo's infringement has been willful and deliberate.

48. MIT and Trexel are suffering damages and irreparable injury by reason of Dispozo's infringement of the '053 Patent.

49. MIT and Trexel are entitled to recover damages for Dispozo's infringement, including treble damages for willful infringement, as well as injunctive and other equitable relief.

COUNT FOUR
(MIT AND TREXEL AGAINST DISPOZO):

INFRINGEMENT OF THE '174 PATENT

50. MIT and Trexel restate and incorporate by reference the allegations in Paragraphs 1-49.

51. Upon information and belief, Dispozo has infringed and is continuing to infringe the '174 Patent.

52. Upon information and belief, Dispozo's infringement has been willful and deliberate.

53. MIT and Trexel are suffering damages and irreparable injury by reason of Dispozo's infringement of the '174 Patent.

54. MIT and Trexel are entitled to recover damages for Dispozo's infringement, including treble damages for willful infringement, as well as injunctive and other equitable relief.

## COUNT FIVE
## (TREXEL AGAINST DISPOZO)

### BREACH OF CONTRACT

55. Trexel restates and incorporates by reference the allegations in Paragraphs 1-54.

56. Upon information and belief, Dispozo breached the Settlement Agreement by continuing to use the MIT Patents, the Trexel Patents and Trexel Know-how after the termination of the Dispozo License.

57. Trexel is entitled to the following relief for Dispozo's breach of the Settlement Agreement:

- Return of the $280,000 which Trexel previously paid Dispozo;
- Cancellation of the Promissory Note and Security Agreement; and
- An award of damages in an amount to be determined by the Court.

58. Trexel is willing to place the payments called for in the Promissory Note in an escrow account pending disposition of this action.

## COUNT SIX
## (TREXEL against DISPOZO)

### DECLARATORY JUDGMENT

59. Trexel restates and incorporates by reference the allegations in Paragraphs 1-58.

60. There is an actual dispute as to whether Dispozo's breach of the Settlement Agreement relieves Trexel of its obligations pursuant to the Promissory Note and the Security Agreement.

61. Trexel has no adequate remedy at law.

62. Trexel is entitled to a declaratory judgment pursuant to 28 U.S.C. §2201 that it has no further obligation to Dispozo pursuant to the Promissory Note or the Security Agreement and that both instruments are deemed null and void.

## COUNT SEVEN
### (TREXEL against DISPOZO)

### FRAUD

63. Trexel restates and incorporates by reference the allegations in Paragraphs 1-62.

64. Upon information and belief, Dispozo knew, when it executed the Settlement Agreement, that Dispozo intended to violate the Settlement Agreement and to continue using the MIT Patents and the Trexel Know-how even after the receipt of the Settlement Payments from Trexel and the related termination of the Dispozo License.

65. Upon information and belief, Dispozo induced Trexel into entering the Settlement Agreement by falsely misrepresenting to Trexel that Dispozo would cease using the MIT Patents and the Trexel Know-how when in fact Dispozo knew that it intended to continue using them.

66. Dispozo's misrepresentation was material, and Dispozo intended Trexel to rely on it.

67. Trexel did not know of Dispozo's false intentions, and reasonably relied on Dispozo's representation in executing the Settlement Agreement.

68. Upon information and belief, Dispozo improperly delayed the return of Trexel proprietary technology after execution of the Settlement Agreement so that Dispozo could copy all or parts of it.

69. Upon information and belief, Dispozo has continued to use the MIT Patents and the Trexel Know-How without legal right.

70. Dispozo's fraud caused proximate financial injury to Trexel.

71. Trexel is entitled to recover damages against Dispozo for fraud.

## COUNT EIGHT
### (TREXEL against DISPOZO)

### BREACH OF CONTRACT ACCOMPANIED BY A FRAUDULENT ACT

72. Trexel restates and incorporates by reference the allegations in Paragraphs 1-71.

73. Upon information and belief, Dispozo breached the Settlement Agreement by continuing to use the MIT Patents and Trexel Know-how after the termination of the Dispozo License.

74. Dispozo intentionally misappropriated Trexel's intellectual property rights by willfully breaching its agreement not to utilize those rights.

75. Dispozo's misappropriation of Trexel's intellectual property rights caused financial injury to Trexel.

76. Dispozo's willful misappropriation of Trexel's intellectual property rights, which accompanied its breach of the Settlement Agreement, constitutes the fraudulent act of unfair dealing, entitling Trexel to punitive damages.

## COUNT NINE
### (TREXEL against DISPOZO)

### UNFAIR TRADE OR BUSINESS PRACTICES

77. Trexel restates and incorporates by reference the allegations in Paragraphs 1-76.

78. Upon information and belief, Dispozo knew, when it negotiated and executed the Settlement Agreement, that Dispozo intended to delay return of proprietary Dispozo technology, violate the Settlement Agreement and continue using the MIT Patents and the Trexel Know-how even after the receipt of settlement payments from Trexel and the related termination of the Dispozo License.

79. The misappropriation of technology through fraud, as alleged here, is an act capable of repetition and thus constitutes an unfair trade or business practice. Such misappropriation increases the risk associated with licensing technology and ultimately harms the public interest through higher technology costs and diminished access to licensed technology.

80. Dispozo engaged willful unfair trade or business practices in violation of S.C. Code Ann. §39-5-20 (2003).

81. Dispozo's fraud and unfair business practices caused financial injury to Trexel.

82. Trexel is entitled to recover damages, including treble damages, attorneys fees and costs, against Dispozo, as provided by S.C. Code Ann. §39-5-140 (2003).

COUNT TEN<br>(TREXEL against DISPOZO)

MISAPPROPRIATION OF TRADE SECRETS

83. Trexel restates and incorporates by reference the allegations in Paragraphs 1-82.

84. Trexel's Know-how, which Trexel provided to Dispozo, consists of information considered to be Trade Secrets pursuant to S.C. Ann. 39-8-20(5)(2003), including, but not limited to, a formula, pattern, compilation, program, device, method, technique, product, system, or process, design, prototype, procedure, or code that:

(i) derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by the public or any other person who can obtain economic value from its disclosure or use, and

(ii) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

85. Upon information and belief, Dispozo misappropriated the Trexel Know-how by fraudulently entering into the Settlement Agreement for the purpose of retaining access to the Trexel Know-how without paying for it and willfully breaching its agreement not to utilize the Trexel Know-how, all in violation of S.C. Code Ann. §§ 39-8-30(A).

86. Dispozo's misappropriation of Trexel's secrets caused financial injury to Trexel.

87. Dispozo's misappropriation of trade secrets entitles Trexel to an injunction and damages pursuant to S.C. Code Ann. §§ 39-8-30 (C) (2003).

88. Trexel is at least entitled to recover its actual losses or the recovery of Dispozo's unjust enrichment from use of the misappropriated Trexel Know-how pursuant to S.C. Code Ann. §§ 39-8-40 (B) (2003).

89. Upon information and belief, Dispozo's misappropriation of the Trexel Know-how was done with a willful, wanton or reckless disregard of Trexel's rights, entitling Trexel to exemplary damages pursuant to S.C. Code Ann. §§ 39-8-40 (C) (2003).

WHEREFORE, the Plaintiffs pray that the Court:

1. Enter a preliminary injunction and permanent injunction against Dispozo, enjoining Dispozo from:

15

- manufacturing or selling products utilizing the MIT Patents, the Trexel Patents, or Trexel know-how; and

- seeking to enforce or enforcing the Security Agreement against any assets belonging to Trexel;

2. Enter judgment in favor of Trexel and MIT against Dispozo on Counts One – Four and award damages in an amount to be determined by the Court, including treble damages for willful infringement;

3. Enter judgment in favor of Trexel against Dispozo on Counts Five though Nine and award damages in favor of Trexel against Dispozo in an amount to be determined by the Court, including treble damages and punitive damages pursuant to South Carolina law;

4. Issue a declaratory judgment pursuant to Count Six in favor of Trexel against Dispozo declaring that the Promissory Note and Security Agreement are null and void and that Dispozo has no rights and Trexel has no obligations thereunder;

5. Award Trexel and MIT costs, interest and attorneys' fees; and

6. Grant Trexel and MIT such other relief as the Court deems just and proper.

PLAINTIFFS DEMAND A JURY TRIAL ON ALL CLAIMS TRIABLE TO A JURY.

TREXEL, INC. and
MASSACHUSETTS INSTITUTE OF TECHNOLOGY

Plaintiffs,

By their attorneys,

_____
Richard A. Johnston (BBO # 253420)
Cynthia Vreeland (BBO# 635143)
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Fax: (617) 526-5000

Dated: May 7, 2004

## VERIFICATION

I, David P. Bernstein, President ad Chief Executive Officer of Plaintiff Trexel, Inc., verify the allegations in the Complaint.

_____
David P. Bernstein
President and Chief Executive Officer of Trexel, Inc.

COMMONWEALTH OF MASSACHUSETTS

Middlesex, ss.                                                          May 4, 2004

Then appeared before me the above-signed, who made oath that the preceding statement is true.

_____
Notary Public
My commission expires:

DEBORAH M. TAURO
Notary Public
Commonwealth of Massachusetts
My Commission Expires
October 22, 2010

17