UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TREXEL, INC. and MASSACHUSETTS INSTITUTE OF TECHNOLOGY,<br><br>Plaintiffs<br><br>v.<br><br>DISPOZO PRODUCTS, INC.,<br><br>Defendant | Civil Action No.<br><br>**PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR MOTION FOR PRELIMINARY INJUNCTION TO PRESERVE EVIDENCE** |

04cv10879 JLT

## I. BACKGROUND

Plaintiffs Trexel, Inc. ("Trexel") and Massachusetts Institute of Technology ("MIT") have filed an action alleging that Defendant Dispozo Products, Inc. ("Dispozo") has infringed four United States patents relating to manufacturing or processing of microcellular foamed products ("MFPs").[1] Trexel also has brought claims against Dispozo for breach of an agreement by Dispozo to stop using technology covered by the MIT Patents and various Trexel trade secrets relating to manufacture of MFPs.[2]

These patents and trade secrets generally relate to foaming and extrusion processes used to manufacture MFPs, including but not limited to Envirofoam School Trays, and equipment used in association with such processes. The alleged infringement by Dispozo has occurred in the context of Dispozo's breach of a settlement agreement between Trexel and Dispozo executed on June 13, 2002, in which Dispozo promised to

---

[1] These patents, referred to in the Complaint as the "MIT Patents," include United States Patent No. RE 37,932, entitled "Supermicrocellular Foamed Materials," United States Patent No. 5,158,986, entitled "Microcellular Thermoplastic Foamed with Supercritical Fluid," United States Patent No. 5,866,053, entitled "Method for Providing Continuous Processing of Microcellular and Supermicrocellular Foamed Materials," and United States Patent No. 6,051,174, entitled "Method for Providing Continuous Processing of Microcellular and Supermicrocellular Foamed Materials."

[2] Trexel also has brought claims against Dispozo for declaratory judgment, fraud, breach of contract with fraudulent acts, unfair trade or business practices and misappropriation of trade secrets.

WASHINGTON 249983v2

return Trexel's proprietary equipment and cease using Trexel's licensed technology and know-how.

Trexel and MIT seek a preservation order in order to protect information, documents and equipment central to proof of their case. Because of the complexity of a case such as this one involving substantial allegations of patent infringement and trade secret misappropriation, there is a heightened need to preserve evidence related to Dispozo's use of the plaintiffs' patented technology and Trexel's licensed know-how without permission. Without this preliminary protection, there is a serious risk that important evidence will be destroyed, irreparably interfering with Trexel and MIT's ability to protect their intellectual property rights. Because the information sought to be protected would need to be preserved by Dispozo in any event now that litigation has commenced, the protection sought is not unduly burdensome.

Moreover, the information, documents and equipment for which protection is sought at this time have been narrowly drawn to minimize any such burden. Specifically, Trexel and MIT have sought a preliminary injunction regarding only evidence relating to equipment, documents, or data relating to foaming and extrusion processes used to manufacture MFP's, including but not limited to Envirofoam School Trays.

## II. A PRELIMINARY INJUNCTION FOR PRESERVING EVIDENCE SHOULD BE GRANTED WHERE THE REQUESTED PROTECTION IS NARROWLY DRAWN, IRREPARABLE HARM WOULD RESULT FROM THE LOSS OR DESTRUCTION OF THE EVIDENCE, AND NO UNREASONABLE BURDENS RESULT.

In complex cases, such as cases involving allegations of patent infringement relating to multiple patents, preliminary orders are appropriate requiring the parties to preserve and retain documents, files, data and records that may be relevant to the

litigation. *See* Manual for Complex Litigation, Fourth, §11.442 (preservation orders should be considered by the court "before discovery starts, and perhaps before the initial conference"). A motion to preserve evidence is an injunctive remedy and should issue if equitable relief is warranted. *See In Re African American Slave Descendants' Litigation*, 2003 U.S. Dist. LEXIS 12016 (N.D. Ill. 2003) (denying motion to preserve evidence which was overly broad, vague and burdensome). The decision whether to grant a preservation order should consider (1) whether evidence would be destroyed or lost without a preservation order (2) whether irreparable harm would result from the lost or destruction of evidence and (3) the burden imposed upon the parties. Id. at *8. A motion to preserve evidence should be granted if it is narrowly drawn and does not unreasonably interfere with a party's operations. *See Galiano v. Harrah's Operating Co., Inc.*, 2000 U.S. Dist. LEXIS 17265 (E.D. La. 2000) (entering preliminary order preserving evidence); *Harris v. Roderick*, 933 F.Supp. 977, 988 (D. Idaho 1996) (granting motion to preserve evidence, but denying request to prevent transfer of evidence which would unduly interfere with operations).

## III. THE INFORMATION AND DOCUMENT FOR WHICH TREXEL AND MIT SEEK PROTECTION IS NARROWLY DRAWN TO PRESERVE ONLY EVIDENCE CRUCIAL TO PRESERVING TREXEL AND MIT'S ABILITY TO PROVE THEIR CASE.

### A. The Categories Of Documents, Information and Equipment For Which Protection Is Sought Are Clearly Identified.

In this motion, Plaintiffs specifically have requested that Dispozo be enjoined from destroying or altering:

- documents referring to, describing or relating to the technology or designs which it has used prior to or is using during the pendency of this action for the manufacture of MFPs;

- documents referring to, describing or relating to the "patented CO2 foaming process" referred to on Dispozo's web site for manufacturing Envirofoam School Trays;

- documents referring to, describing or relating to any of the patents identified in the Complaint;

- documents referring to, describing or relating to the Settlement Agreement identified in the Complaint;

- equipment which Dispozo has used prior to or is using during the pendency of this action for the manufacture of MFPs;

- equipment which Dispozo has used prior to or is using during the pendency of this action in connection with the "patented CO2 foaming process" referred to on Dispozo's web sites;

- data generated by any device or system for reporting on processing conditions related to the production of MFPs, including, without limitation, any extrusion system;

- documents referring to, describing or relating to data generated by any device or system for reporting on processing conditions related to the production of MFPs, including, without limitation, any extrusion system;

- documents referring to, describing or relating to sales of any products made, in whole or in part, with equipment which Dispozo has used prior to or is using during the pendency of this action for the manufacture of MFPs; and

- documents referring to, describing or relating to sales of any products made, in whole or in part, with equipment which Dispozo has used prior to or is using during the pendency of this action in connection with the "patented CO2 foaming process" referred to on Dispozo's web sites.

Plaintiffs have further defined "equipment" and "designs" to include primary polymer processing screws, C02 injectors, and die lips.

With respect to the processes involved in the motion, the Plaintiffs have identified:

- C02 concentrations:

- required temperatures of the polymer gas combination at the die entrance;

- required temperatures of the die lips;

- required temperatures of the polymer at the exit of the die; and

- pressure regimens of the entry and exit of the die.

-4-

These categories are all specific and narrowly drawn.

**B.     Each Category of Documents, Information or Equipment For Which Protection Is Sought Is Essential To Proving The Elements of Trexel and MIT's Case.**

Documents referring to, describing or relating to the technology or designs which Dispozo has used prior to or is using during the pendency of this action for the manufacture of MFPs are essential to proving at least that Dispozo has used and/or continues to use, without authorization, technology and know-how obtained from Trexel, including a license to use the MIT Patents.

Trexel and MIT also need to have Dispozo's manufacturing equipment preserved so that they can inspect the equipment pursuant to Fed. R. Civ. P. 34.

Trexel needs to preserve documents referring to, describing or relating to the settlement agreement identified in the Complaint to assist in proving that Dispozo fraudulently entered the settlement agreement and then breached the settlement agreement in connection with an accompanying fraudulent act.

The Plaintiffs' effort to preserve documents referring to, describing or relating to sales of any products made, in whole or in part, with equipment or processes derived from the MIT Patents or Trexel know-how are essential to proof of damages.

**IV.    A PRELIMINARY INJUNCTION SHOULD BE GRANTED BECAUSE THERE IS A DANGER THAT DISPOZO WILL ALTER OR DESTROY EVIDENCE AND THE PROTECTION SOUGHT IS NOT UNDULY BURDENSOME.**

Without the proposed order there is a danger that Dispozo will destroy or alter documents or equipment demonstrating Dispozo's liability. The Verified Complaint sets out a pattern of misconduct by Dispozo which includes entering a settlement agreement to cease using the MIT Patents and Trexel trade secrets and then continuing to use such information to manufacture and sell MFPs.

WASHINGTON 249983v2

The requested protections impose no greater obligation on Dispozo than would be required if Dispozo took steps adequate to preserve relevant evidence under the Federal Rules of Civil Procedure. Moreover, Trexel and MIT are prepared to abide by the same conditions which they seek to impose on Dispozo with respect to documents referring to or equipment or processes embodying the patents and trade secrets identified in the Complaint.

## V. CONCLUSION

For the above state reasons, Plaintiffs Trexel and MIT respectfully request that this Court enter a preservation order with respect to the categories of documents, information and equipment enumerated in their motion.

Respectfully Submitted,

TREXEL, INC. and
MASSACHUSETTS INSTITUTE OF TECHNOLOGY

Plaintiffs,

By their attorneys,

*/s/ Richard A. Johnston*

Richard A. Johnston (BBO # 253420)
Cynthia Vreeland (BBO# 635143)
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Fax: (617) 526-5000

Dated: May 4, 2004

-6-

WASHINGTON 249983v2