UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE
2004 JUN 14 P 4: 25
U.S. DISTRICT COURT
DISTRICT OF MASS.

|  |  |
|---|---|
| TREXEL, INC. and<br>MASSACHUSETTS INSTITUTE<br>OF TECHNOLOGY,<br><br>    Plaintiffs<br><br>v.<br><br>DISPOZ-O PRODUCTS, INC.,<br><br>    Defendant | )<br>)<br>)<br>)<br>)<br>)  No. 04 CV 10879 JLT<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## JOINT STIPULATION REGARDING THE PRESERVATION OF EVIDENCE

Plaintiffs Trexel, Inc. ("Trexel") and Massachusetts Institute of Technology ("MIT") and defendant Dispoz-o Products, Inc. ("Dispoz-o") hereby enter the following stipulation regarding the preservation of evidence.

### DEFINITIONS

1. The term "document" is defined to be synonymous in meaning and equal in scope to the use of this term in Fed. R. Civ. P. 34(a), and specifically includes documents (such as e-mail, word processing files, and other computerized data) which may exist only in electronic form. A draft or non-identical copy is a separate document within the meaning of this term.

2. "Equipment and designs" includes, without limitation: primary polymer processing screws, $CO_2$ injectors, and die lips.

3. "Processes" includes, without limitation: $CO_2$ concentrations, required temperatures of the polymer gas combination at the die entrance, required temperatures of the die lips, required temperatures of the polymer at the exit of the die, and pressure regimens of the entry and exit of the die.

## OBLIGATIONS OF TREXEL AND MIT

During the pendency of this case Trexel and MIT will preserve evidence relevant to this case, including but not limited to:

1. documents referring to, describing, or relating to any of the patents identified in the Complaint;

2. documents referring to, describing, or relating to processes which Trexel disclosed to Dispoz-o;

3. documents referring to, describing, or relating to designs for equipment furnished by Trexel to Dispoz-o;

4. documents referring to, describing, or relating to the Settlement Agreement identified in the Complaint; and

5. equipment that Dispoz-o returned to Trexel in December 2002.

6. documents referring to, describing or relating to any licensees of Trexel's or MIT's MuCell extrusion technology, including, but not limited to, design drawing specifications and data, communications or information concerning installation, performance or removal of Trexel processes or equipment.

7. documents referring to, describing or relating to patents held by the Dow Chemical Company, licensed by Trexel, including, but not limited to, U.S Patent Nos. 5,250,577 and 5, 266, 605.

8. documents referring to, describing or relating to testing or development of the MuCell extrusion process before, during and since licensing to Dispoz-o.

9. documents referring to, describing or relating to the license agreement entered into between Trexel and Dispoz-o, including, but not limited to, the negotiation and drafting of the agreement, the implementation of the agreement, the delivery and installation of Trexel/MIT's technology to Dispoz-o's facility in Fountain Inn, South Carolina, the performance of the technology, and the dispute between the parties concerning the implementation and the functionality of the process.

## OBLIGATIONS OF DISPOZ-O

During the pendency of this case Dispoz-o will preserve evidence relevant to this case, including but not limited to:

1. documents referring to, describing, or relating to the technology or designs which it has used prior to or is using during the pendency of this action for the manufacture of foam products, including but not limited to Envirofoam School Trays;

2. documents referring to, describing, or relating to any $CO_2$ foaming process referred to on Dispoz-o's web site for manufacturing Envirofoam School Trays;

3. documents referring to, describing, or relating to any of the patents identified in the Complaint;

4. documents referring to, describing or relating to patents held by the Dow Chemical Company, including, but not limited to, U.S. Patent Nos. 5,250,577 and 5,266,605.

5. documents referring to, describing, or relating to the Settlement Agreement identified in the Complaint;

6. to the extent still available, and consistent with Dispoz-o's ongoing manufacturing operations, equipment that Dispoz-o has used prior to or is using during the pendency of this action for the manufacture of foam products; equipment which Dispoz-o has used prior to or is using during the pendency of this action in connection with any $CO_2$ foaming process referred to on Dispoz-o's web sites;

7. equipment design drawings and specification sheets related to screws, injectors, dies, die lips, and SCF systems that were purchased from Trexel, Battenfeld Gloucester, or any other supplier used to produce, or in connection with the production of, foam products;

8. data generated by any device or system for reporting on processing conditions related to the production of foam products, including, without limitation, any extrusion system;

9. documents referring to, describing, or relating to data generated by any device or system for reporting on processing conditions related to the production of foam products, including, without limitation, any extrusion system;

10. documents referring to, describing, or relating to sales of any products made, in whole or in part, with equipment which Dispoz-o has used prior to or is using during the pendency of this action for the manufacture of foam products; and

11. documents referring to, describing, or relating to sales of any products made, in whole or in part, with equipment which Dispoz-o has used prior to or is using during the pendency of this action in connection with any $CO_2$ foaming process referred to on Dispoz-o's web sites.

BOSTON 1902430v1

By entering into this Stipulation, neither party makes any representation as to the existence or prior preservation of any document or thing so described. Neither party waives any privilege or objection to production of any such evidence or to the admissibility of any such evidence at any further proceeding in this matter. By entering into this Stipulation, Dispoz-o does not admit any of the allegations of the Complaint or that it is infringing any of the alleged patents. This Stipulation may not be offered into evidence by either party at trial or upon dispositive motion regarding issues of liability or any other issues.

| DISPOZ-O PRODUCTS, INC. | TREXEL, INC. and MASSACHUSETTS INSTITUTE OF TECHNOLOGY |
|---|---|
| By its attorneys, | By their attorneys, |
| *[signature]* | *[signature]* |
| Joan Griffin, Esq. (BBO # 549522)<br>Perkins, Smith & Cohen<br>One Beacon Street, 30th Floor<br>Boston, MA 02108-3106<br>Tel. (617) 854-4297<br>Fax. (617) 854-4040 | Richard A. Johnston (BBO # 253420)<br>Cynthia D. Vreeland (BBO # 635143)<br>Wilmer Cutler Pickering Hale and Dorr LLP<br>60 State Street<br>Boston, MA 02109<br>Tel. (617) 526-6000<br>Fax (617) 526-5000 |

Dated: June 10, 2004

# WILMER CUTLER PICKERING
## HALE AND DORR LLP

Richard A. Johnston

60 STATE STREET
BOSTON, MA 02109
+1 617 526 6282
+1 617 526 5000 fax
richard.johnston@wilmerhale.com

June 10, 2004

FILED
IN CLERKS OFFICE
2004 JUN 14 P 4: 28
U.S. DISTRICT COURT
DISTRICT OF MASS.

Ms. Sherry Spencer, Docket Clerk
 to The Honorable Joseph L. Tauro
United States District Court
John Joseph Moakley U.S. Courthouse
1 Courthouse Way
Boston, MA  02210

Re:   Trexel, Inc. and Massachusetts Institute of Technology
      v. Dispozo Products, Inc.
      No. 04 CV 10879 JLT

Dear Ms. Spencer:

Enclosed please find a Joint Stipulation Regarding the Preservation of Evidence which counsel for all parties have executed. This Joint Stipulation will obviate the need for a hearing at this time on the Plaintiffs' Motion for Preliminary Injunction to Preserve Evidence.

Sincerely,

Richard A. Johnston

RAJ:ibs
Enclosure

cc:   Joan Griffin, Esq.
      Cynthia D. Vreeland, Esq.