UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
IN CLERK'S OFFICE

2004 JUL -2 P 2: 07

U.S. DISTRICT COURT
DISTRICT OF MASS.

|  |  |  |
|---|---|---|
| TREXEL, INC. and MASSACHUSETTS INSTITUTE OF TECHNOLOGY, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. NO. 04CV10879-JLT |
| DISPOZ-O PRODUCTS, INC., | ) ) | |
| Defendant. | ) ) | |

## ANSWER TO VERIFIED COMPLAINT AND COUNTERCLAIMS

Defendant, Dispoz-O Products, Inc. ("Dispoz-o"), answers the verified Complaint as follows:

1.      Dispoz-o is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1 and therefore denies them.

2.      Dispoz-o is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1 and therefore denies them.

3.      Admitted.

4.      Dispoz-o states that this paragraph calls for a legal conclusion and as such no answer is required.  Notwithstanding the foregoing, Dispoz-o admits that the Complaint sets forth an allegation of patent infringement, which is denied.

5.      Paragraph 5 calls for a legal conclusion and as such, no answer is required. Notwithstanding the foregoing, Dispoz-o admits that the Complaint sets forth a claim for declaratory judgment.  The remaining allegations of paragraph 5 are denied.

6.    This paragraph sets forth a legal conclusion as to which no answer is required.

7.    This paragraph sets forth a legal conclusion as to which no answer is required.

8.    This paragraph sets forth a legal conclusion as to which no answer is required.

9.    This paragraph sets forth a legal conclusion as to which no answer is required. Notwithstanding the foregoing, Dispoz-o does not contest the personal jurisdiction of this Court.

10.    This paragraph calls for a legal conclusion as to which no answer is required. Notwithstanding the foregoing, Dispoz-o by motion requests that this action be transferred pursuant to 28 U.S.C. §1404(a) to the District of South Carolina.

11.    Dispoz-o is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 and therefore denies them.

12.    Dispoz-o is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12 and therefore denies them. Answering further, Dispoz-o states that the document speaks for itself.

13.    Dispoz-o is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13 and therefore denies them. Answering further, Dispoz-o states that the document speaks for itself.

14.    Dispoz-o is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14 and therefore denies them. Answering further, Dispoz-o states that the document speaks for itself.

15.     Dispoz-o is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15 and therefore denies them. Answering further, Dispoz-o states that the document speaks for itself.

16.     Dispoz-o is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16 and therefore denies them. Answering further, Dispoz-o states that the document speaks for itself.

17.     This paragraph sets forth no allegation and therefore no answer is required.

18.     Dispoz-o is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth at paragraph 18 and therefore denies them.

19.     Dispoz-o is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth at paragraph 19 and therefore denies them.

20.     Dispoz-o admits that on or about September 18, 2000, Trexel and Dispoz-o executed an extrusion license agreement. Dispoz-o states that the document speaks for itself. The remaining allegations of paragraph 20 are denied.

21.     Dispoz-o states the license agreement speaks for itself.

22.     Dispoz-o states that the license agreement speaks for itself.

23.     Dispoz-o states that the license agreement speaks for itself.

24.     Dispoz-o admits that Trexel delivered equipment to Dispoz-o's facility in Fountain Inn, South Carolina. Dispoz-o admits that Trexel engineers spent weeks and months in South Carolina attempting to implement the equipment and process under the license agreement at the facility, but failed to do so. The remaining allegations of paragraph 24 are denied.

3

25.    Dispoz-o admits that it filed a lawsuit in Federal District in South Carolina, (*Dispoz-o Products Inc. v. Trexel, Inc.*, Civil Action No. 02-CV-617) alleging that Trexel had breached the license agreement, did not install the equipment or process in a timely fashion and that the equipment or process did not function as represented. The remaining allegations of paragraph 25 are denied.

26.    Dispoz-o admits that in May of 2002, Dispoz-o and Trexel mediated their dispute in Boston, Massachusetts and executed a Settlement Agreement in June, 2002 . Dispoz-o states that the Settlement Agreement speaks for itself. The remaining allegations of paragraph 26 are denied.

27.    Admitted.

28.    Dispoz-o admits that it returned equipment to Trexel on or about December 18, 2002. The remaining allegations of paragraph 28 are denied.

29.    Admitted.

30.    Denied.

31.    Denied.

32.    Denied.

33.    Dispoz-o admits that it sells plastic school trays under the name "Envirofoam" throughout the United States. It makes some direct sales into some but not all of the fifty states and otherwise sells to distributors who may resell throughout the United States. The remaining allegations of paragraph 33 are denied.

34.    Denied.

4

## COUNT I - INFRINGEMENT OF THE '932 PATENT

35.    Dispoz-o restates its responses to paragraphs 1-35 above as if set forth

fully herein.

36.    Denied.

37.    Denied.

38.    Denied.

39.    Denied.

## COUNT II - INFRINGEMENT OF THE '986 PATENT

40.    Dispoz-o restates its responses to paragraphs 1-39 above as if set forth

fully herein.

41.    Denied.

42.    Denied.

43.    Denied.

44.    Denied.

## COUNT III - INFRINGEMENT OF THE '053 PATENT

45.    Dispoz-o restates its responses to paragraphs 1-44 above as if set forth

fully herein.

46.    Denied.

47.     Denied.

48.    Denied.

49.    Denied.

## COUNT IV - INFRINGEMENT OF THE '174 PATENT

50.    Dispoz-o restates its responses to paragraphs 1-49 above as if set forth

fully herein.

51.    Denied.

52.    Denied.

53.    Denied.

54.    Denied.

## COUNT V - BREACH OF CONTRACT

55.    Dispoz-o restates its responses to paragraphs 1-54 above as if set forth

fully herein.

56.    Denied.

57.    Denied.

58.    Paragraph 58 sets forth no allegation and therefore no response is required.

To the extent paragraph 58 sets forth any allegation it is denied.  Answering further,

Dispoz-o states that it does not agree to escrow the payments in lieu of the relief to which

it is entitled under the promissory note and security agreement.

## COUNT VI - DECLARATORY JUDGMENT

59.    Dispoz-o restates its responses to paragraphs 1-58 above as if set forth

fully herein.

60.    Denied.

61.    Denied.

62.    Denied.

6

## COUNT VII - FRAUD

63.    Dispoz-o restates its responses to paragraphs 1-62 above as if set forth

fully herein.

64.    Denied.

65.    Denied.

66.    Denied.

67.    Denied.

68.    Denied.

69.    Denied.

70.    Denied.

71.    Denied.

## COUNT VIII - BREACH OF CONTRACT ACCOMPANIED BY A FRAUDULENT ACT

72.    Dispoz-o restates its responses to paragraphs 1-71 above as if set forth

fully herein.

73.    Denied.

74.    Denied.

75.    Denied.

76.    Denied.

## COUNT IX - UNFAIR TRADE OR BUSINESS PRACTICES

77.    Dispoz-o restates its responses to paragraphs 1-76 above as if set forth

fully herein.

78.    Denied.

79.    Denied.

80.    Denied.

81.    Denied.

82.    Denied.

## COUNT X - MISAPPROPRIATION OF TRADE SECRETS

83.    Dispoz-o restates its responses to paragraphs 1-82 above as if set forth

fully herein.

84.    Denied.

85.    Denied.

86.    Denied.

87.    Denied.

88.    Denied.

89.    Denied.

### AFFIRMATIVE DEFENSES

#### First Affirmative Defense – Failure to State Claim

Plaintiff's allegations fail to state to a claim upon which relief may be granted.

#### Second Affirmative Defense - Waiver

Plaintiffs by their actions, conduct and omissions, have waived rights to recovery

or other remedy on account of the verified complaint and/or are equitably barred

therefrom.

#### Third Affirmative Defense - Latches/Equitable Estoppel

The claims in each count of the verified Complaint are barred by latches and the

doctrine of equitable estoppel as Plaintiffs knew of the complained of conduct or had a

8

duty to inquire and should have known of the complained of conduct but failed to take timely action and Dispoz-o has relied on the absence of any litigation or claim in the United States marketing activities and related commitments.

### Fourth Affirmative Defense - Invalidity

Each and every asserted claim of the '932, '986, '053 and '174 patents is invalid, in whole or in part, by reason of one or more of the statutory requirements of 35 U.S.C. §101, §102, §103, and §112, and said claims are unenforceable due to an inadequate compliance with 37 C.F.R. 1.56, all of the foregoing being matters assertable under 35 U.S.C. §282.

### Fifth Affirmative Defense - Unclean Hands

Plaintiffs are not entitled to the relief requested against Dispoz-o in their verified complaint on the grounds that they came before this Court with unclean hands.

### Sixth Affirmative Defense – Breach of Contract

Plaintiffs are precluded from obtaining the relief they seek because they materially breached the Settlement Agreement .

### Seventh Affirmative Defense - Obligation of Good Faith and Fair Dealing

Plaintiffs are precluded from obtaining the relief they seek because Plaintiffs violated the covenant of good faith and fair dealing inherent in the Settlement Agreement .

### Eighth Affirmative Defense -  Failure to Mitigate

Plaintiffs are precluded from obtaining the relief they seek due to their failure to mitigate their damages.

DEFENDANT RESERVES THE RIGHT TO ASSERT FURTHER AFFIRMATIVE DEFENSES UPON COMPLETION OF DISCOVERY.

WHEREFORE, Defendant Dispoz-o respectfully prays that the Court:

1.    Enter judgment dismissing the claim in its entirety;

2.    Award Dispoz-o its costs, disbursements and reasonable attorneys' fees in defense of the claim; and

3.    Grant such other and further relief as the Court deems just and proper.

### COUNTERCLAIMS

#### Parties

1.    Plaintiff Dispoz-o Products, Inc. is a South Carolina corporation headquartered at Fountain Inn, South Carolina with its only manufacturing facility in Fountain Inn, South Carolina.

2.    Upon information and belief Defendant Trexel, Inc. is a Massachusetts corporation headquartered in Massachusetts.

3.    Upon information and belief Defendant MIT is a non-profit university organized in Massachusetts and located in Cambridge, Massachusetts.

#### Jurisdiction and Venue

4.    This is an action for a declaration of non-infringement, invalidity and unenforceability of certain United States patents and arises under the Declaratory Judgment Act, codified at 28 U.S.C. §2201 and §2202, and under the patent laws of the United States, 35 U.S.C. §1 *et seq.*

5.    This Court has personal jurisdiction over MIT and Trexel because they initiated this action in the District of Massachusetts.

6.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331, §1332, §1338 and §2201.

10

7.    Although venue lies in this District, the District of Massachusetts is not the most appropriate venue for resolving this patent infringement and breach of contract matter.

**Background**

8.    On September 18, 2000, Dispoz-o and Trexel entered into an extrusion license agreement whereby Trexel agreed, among other things, to license its allegedly patented Mu-Cell technology to Dispoz-o and to meet specific performance requirements for the production of plastic foam material to be used by Dispoz-o in manufacturing foam products for sale to various customers.

9.    Dispoz-o relied in entering into the license agreement upon Trexel's representations including, but not limited, to the following:

    a.    the Mu-Cell process was a tested commercially viable process that could achieve the specified production rate;

    b.    the Mu-Cell process had been fully and successfully implemented with another licensee, as well as in Trexel's development center;

    c.    the Mu-Cell process was completely proprietary as provided by MIT and their combined patent rights; and

    d.    unlike conventional foam using hydrocarbon gas, the foam produced by the Mu-Cell process would not require any aging resulting in specific process infrastructure as well as competitive manufacturing savings over conventional hydrocarbon foam.

10.    All of the above representations were false when made and, upon information and belief, Trexel knew or reasonably should have know that they were false when made and intended Dispoz-o to rely upon them.

11.    Trexel knew at the time of entering into the license agreement that Dispoz-o intended to expend large sums of money to implement Defendant's technology to a total project cost of $30,000,000.00.

12.    Dispoz-o subsequently spent over Sixteen Million Dollars ($16,000,000) to, among other things, designed and constructed a specialized 220,000 square foot manufacturing facility, including specified equipment, under Trexel's design and performance criteria, as required by the licensing agreement, all of which Trexel approved.

13.    From the initial attempted production start-up in July of 2001, the licensed process failed to deliver consistent quality foam sheet or thermo-formable sheet.

14.    From the initial production attempted start-up in July of 2001, until the cancellation of the license agreement, Trexel failed to achieve the production criteria upon which the entire project was based.  Specifically, Trexel was required to produce quality thermo-formable foam at a rate of 925 pounds per hour. Trexel never produced consistent quality thermo-formable foam and even the low quality foam produced was not produced at the contract rate of 925 pounds per hour.

15.    Several employees from Trexel were on site at Dispoz-o's manufacturing facility in South Carolina for approximately four months attempting to make the process work, but were unsuccessful.

16.    Dispoz-o was forced to cancel orders for foamed product due to Trexel's failures and misrepresentations causing Dispoz-o damages of millions of dollars in revenue and loss of good will with its customers.

17.    Trexel represented to Dispoz-o that Trexel's technology did not infringe upon patents belonging to any other party and that Trexel's patents were valid and enforceable.

18.    During the term of the license agreement, however, Dow Chemical Company asserted, that by using Trexel's $CO_2$ foam process, Dispoz-o was violating its patents.

19.    By letter dated January 11, 2002, Trexel acknowledged to Dispoz-o that it had entered into a license with right to grant sub-license with the Dow Chemical Company under U.S. Patents No. 5, 250, 577 and No. 5, 266, 605.

20.    On or about February 25, 2002, Dispoz-o commenced suit against Trexel in the United States District Court for the District of South Carolina, Greenville Division, alleging deceit, negligent misrepresentation, fraud in the inducement, breach of contract, breach of the implied covenant of good faith and fair dealing and seeking reformation of contract, or in the alternative, revision, all relating to the license agreement.

21.    On or about May 2002, Dispoz-o and Trexel mediated their dispute in Boston and as a result of the mediation entered into Settlement Agreement , on June 13, 2002, a copy of which is attached to the verified complaint as Exhibit D ('Settlement Agreement ").

22.    The Settlement Agreement  provided that Trexel would pay Dispoz-o $140,000.00 upon execution of the Settlement Agreement , which Trexel did.

23.     The Settlement Agreement also provided that Dispoz-o would return specific equipment to Trexel, which Dispoz-o did.

24.     The Settlement Agreement provided that Trexel would pay Dispoz-o $140,000.00 upon return of the equipment, which Trexel did.

25.     The Settlement Agreement provided that Trexel would execute a promissory note in the amount of $500,000.00 in favor of Dispoz-o secured by royalty and licensing income pursuant to a security agreement, which Trexel did. The Settlement Agreement and promissory note provided that the first payment under the promissory note would become due and payable on July 1, 2004.

26.     Upon information and belief, Trexel was aware, or by reasonable diligence could have and should have been aware, that Dispoz-o was marketing and selling in the United States its Envirofoam school trays manufactured using a $CO_2$ process.

27.     Nevertheless, neither Trexel nor MIT ever asserted to Dispoz-o that Dispoz-o's manufacturing process infringed upon its patents or violated the Settlement Agreement .

28.     Upon information and belief, on the eve of the first payment's coming due under the promissory note and in an effort to avoid responding to Dispoz-o's probable law suit in South Carolina for breach of the Settlement Agreement for failure to make that payment, Trexel and MIT commenced this action in the federal district court in Massachusetts seeking to be excused from making the agreed upon payment under the Settlement Agreement and alleging patent infringement.

14

## COUNT I v. TREXEL
### (Breach Of Contract/Anticipatory Repudiation – Settlement Agreement)

29.     Dispoz-o repeats and realleges the allegations set forth above as if fully set forth herein.

31.     Dispoz-o has performed its obligations under the Settlement Agreement.

32.     Trexel has breached and/or has unequivocally declared its intention to breach the Settlement Agreement by its actions set forth above, specifically by filing suit indicating that it would not make the agreed upon initial payment under the promissory note.

## COUNT II v. TREXEL
### (Breach Of The Implied Covenant Of Good Faith And Fair Dealing – Settlement Agreement)

33.     Dispoz-o repeats and realleges the allegations set forth above as if fully set forth herein.

34.     The Settlement Agreement constitutes a contract between Dispoz-o and Trexel.

35.     Implicit in the Settlement Agreement is a covenant of good faith and fair dealing.

36.     By its actions set forth above, Trexel has materially breached the covenant of good faith and fair dealing.

## COUNT III v. TREXEL
### (Alternatively, Breach of Contract – Licensing Agreement)

37.     Dispoz-o repeats and realleges the allegations set forth above as if fully set forth herein.

15

38.     On September 18, 2000, Dispoz-o and Trexel entered into a written Extrusion License Agreement ("License Agreement").

39.     Appendix C of the License Agreement mandates the target manufacturing rate "will be to produce a 50-inch wide polystyrene MuCell foam sheet at 925 pounds/hour." The Appendix further states that "the sheet will be of suitable quality to thermoform 5 compartment and 6 compartment trays that are equivalent in appearance and quality to industry standard products."

40.     Despite numerous efforts to fix the process, acceptable foam sheet was never made in adequate quantity using Trexel's process.

41.     Trexel's failure to provide a workable process constitutes a breach of the License Agreement.

42.     Dispoz-o has suffered, and continues to suffer, damages as a result of Trexel's breach.

43.     If the Settlement Agreement is not enforced to require payment from Trexel as set forth therein, Dispoz-o's rights under the License Agreement are restored and it entitled to recover all appropriate relief including damages for Trexel's breach thereof.

## COUNT IV v. TREXEL
## (Alternatively, Implied Covenant of Good Faith and Fair Dealing – Licensing Agreement)

44.     Dispoz-o repeats and realleges the allegations set forth above as if fully set forth herein.

45.     The Licensing Agreement is subject to an implied covenant of good faith and fair dealing.

16

46.     Trexel's false promises, deceit, fraud, negligent misrepresentations and failure to perform all violate the implied covenant of good faith and fair dealing.

47.     Dispoz-o has suffered, and continues to suffer, damages as a result of Trexel's breach of the implied covenant of good faith and fair dealing.

48.     If the Settlement Agreement is not enforced to require payment from Trexel as set forth therein, Dispoz-o's rights under the License Agreement are restored and it is entitled to recover all appropriate relief including damages for Trexel's breach thereof.

## COUNT V v. TREXEL
## (Alternatively, Fraud – Licensing Agreement)

49.     Dispoz-o reallages and incorporates herein the allegations set forth above as if fully set forth herein.

50.     Trexel made numerous false representations of material facts.

51.     These false representations were made for the purpose of inducing Dispoz-o to rely upon said representations.

52.     Dispoz-o relied upon Trexel's false representations, to Dispoz-o's detriment.

53.     Dispoz-o has suffered, and continue to suffer, damages as a result of Trexel's deceit.

54.     If the Settlement Agreement is not enforced to require payment from Trexel as set forth therein, Dispoz-o's rights under the License Agreement are restored and it entitled to recover all appropriate relief including damages for Trexel's deceit in connection therewith.

17

## COUNT VI v. TREXEL
## (Alternatively, Negligent Misrepresentation – Licensing Agreement)

55.    Dispoz-o realleges and incorporates herein the allegations set forth above as if fully set forth herein.

56.    Trexel, in the course of its business, supplied false information for the guidance of Dispoz-o in its business transactions.

57.    Trexel failed to exercise reasonable care or competence in obtaining or communicating the information to Dispoz-o.

58.    This false information caused and resulted in pecuniary loss to Dispoz-o, by Dispoz-o's justifiable reliance upon the false information.

59.    Dispoz-o has suffered, and continues to suffer, damages as a result of Trexel's negligent misrepresentation.

60.    If the Settlement Agreement is not enforced to require payment from Trexel as set forth therein, Dispoz-o's rights under the License Agreement are restored and it is entitled to recover all appropriate relief including damages for Trexel's negligent misrepresentation in connection with therewith.

## COUNT VII v. TREXEL
## (Alteratively, Fraud in the Inducement  - Licensing Agreement

61.    Dispoz-o realleges and incorporates herein the allegations set forth above as if fully set forth herein.

62.    Trexel made numerous false representations of material fact, with knowledge  of their falsity.

18

63.    Trexel made these representations for the purpose of inducing the Dispoz-o to enter into the License Agreemnt.

64.    Dispoz-o relied upon Trexel's false statements, to Dispoz-o' s detriment.

65.    Dispoz-o has suffered, and continues to suffer, damages as a result of Trexel's fraud in the inducement.

66.    If the Settlement Agreement is not enforced to require payment from Trexel as set forth therein, Dispoz-o's rights under the License Agreement are restored and it is entitled to recover all appropriate relief including damages for Trexel's fraud in the inducement in connection therewith.

## COUNT VIII v. TREXEL and MIT
### (Declaratory Judgment of Invalidity)

67.    Dispoz-o repeats and realleges the allegations set forth above as if fully set forth herein.

68.    By their complaint, Plaintiffs allege that the patents-in-suit are valid and enforceable. Dispoz-o has denied these allegations and contends that the patents-in-suit are void, invalid, and unenforceable under 30 U.S.C. §101, §102, §103 and/or §112. A justiciable controversy therefore exists between Plaintiffs and Dispoz-o with respect to this issue.

69.    By this counterclaim, Dispoz-o seeks a declaratory judgment pursuant to 28 U.S.C., §2201(a) that the patents-in-suit are void, invalid, and unenforceable under 35 U.S.C., §101, §102, §103 and/or §112.

70.    A judicial declaration is necessary and appropriate at this time in order that Dispoz-o may ascertain its rights and duties with respect to the patents-in-suit.

## COUNT IX v. TREXEL and MIT
## (Declaratory Judgment Of Non-Infringement

71.     Dispoz-o repeats and realleges the allegations set forth above as if fully set forth herein.

72.     By its complaint, Plaintiffs allege that Dispoz-o has infringed the patents-in-suit and because Plaintiffs are allegedly the owners or licensee's with right to initiate and prosecute legal proceedings of the patents-in-suit, Plaintiffs are entitled to relief for Dispoz-o's infringement of those patents.  Dispoz-o has denied these allegations and contends that it does not infringe the patents-in-suit or any valid asserted claim thereof. A justiciable controversy therefore exists between Dispoz-o and Plaintiffs.

73.     By this counterclaim, Dispoz-o seeks a declaratory judgment pursuant to 28 U.S.C., §2201(a) that it does not infringe any of the patents-in-suit or any valid asserted claim thereof.

74.     A judicial declaration is necessary and appropriate at this time in order that Dispoz-o may ascertain its rights and duties with respect to the patents-in-suit.

WHEREFORE, Dispoz-o requests that the Court award the following relief:

1.     Pursuant to Counts I and II, in connection with the Settlement Agreement, award Dispoz-o actual and consequential damages.

2.     In the alternative, pursuant to Counts III through VII, in connection with the License Agreement, award Dispoz-o actual, consequential and punitive damages;

3.     Declare that the patents-in-suit are void, invalid and unenforceable;

4.     Declare that Dispoz-o has not willfully or otherwise infringed the

20

patents-in-suit or any valid asserted claim therein;

5.     Pursuant to Counts VIII and IX, award Dispoz-o the cost of this action and reasonable attorneys' fees, pursuant to 35 U.S.C., §285; and

6.     Award Dispoz-o the costs and expenses incurred in responding to this action, including reasonable attorneys' fees;

7.     Grant such other and further relief as the Court deems just and proper.

## JURY DEMAND

Dispoz-o demands trial by jury for all issues so triable.

Dated:  July 2, 2004

Respectfully submitted
DISPOZ-O PRODUCTS, INC.
By its attorney,

Joan M. Griffin, BBO#: 549522
James A.G. Hamilton, BBO #: 218760
Daniel McCarthy, BBO#: 651559
PERKINS, SMITH & COHEN, LLP
One Beacon St., 30th Flr.
Boston, MA  02108
(617) 854-4297

31298-2-Answer&CCLTD.doc

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for the Plaintiff, Richard A. Johnston, Esq. by hand on July 2, 2004.

Joan M. Griffin