UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
CLERK'S OFFICE

2004 JUL -2 P 2: 07

U.S. DISTRICT COURT
DISTRICT OF MASS.

|  |  |
|---|---|
| TREXEL, INC. and MASSACHUSETTS INSTITUTE OF TECHNOLOGY,<br><br>Plaintiffs,<br><br>v.<br><br>DISPOZ-O PRODUCTS, INC.,<br><br>Defendant. | C.A. NO. 04CV10879-JLT |

## DEFENDANT'S MOTION FOR TRANSFER OF VENUE PURSUANT TO 28 U.S.C. § 1404(a)

The Defendant Dispoz-o Products, Inc. ("Dispoz-o"), moves, pursuant to 28 U.S.C. §1404(a), for transfer of this action to the United States District Court for the District of South Carolina, Greenville Division.

This action is the second federal court lawsuit between these parties arising out of the failure and inability of Trexel, Inc. ("Trexel") to live up to the requirements of it's licensing agreement with Dispoz-o Products, Inc. ("Dispoz-o") for the installation of Trexel's allegedly patented carbon dioxide ("$CO_2$") foam technology at Dispoz-o's South Carolina manufacturing facility. Dispoz-o filed the first lawsuit in U.S. District Court in South Carolina in February 2002, which resulted in a settlement agreement between the parties (the "Settlement Agreement"). Pursuant to the Settlement Agreement, which is governed by South Carolina law, Dispoz-o returned to Trexel equipment it had delivered and attempted to install in South Carolina and Trexel made initial payments of Two Hundred and Eighty Thousand Dollars ($280,000.00) to Dispoz-o.

On July 1, 2004, Trexel is obligated to begin payment under a Five Hundred Thousand Dollars ($500,000.00) Promissory Note owed to Dispoz-o under the Settlement Agreement. Now, on the eve of the first payment's coming due and without any prior demand to Dispoz-o, Trexel and the Massachusetts Institute of Technology ("MIT"), have commenced suit in the U.S. District Court for the District of Massachusetts seeking to be excused from making the payment due under the Settlement Agreement and alleging patent infringement by Dispoz-o's alleged continued use of Trexel's/MIT's technology at its South Carolina manufacturing facility. Because all of the alleged wrongdoing is alleged to have occurred at Dispoz-o's South Carolina plant and because the majority of the relevant witnesses reside either in South Carolina or outside of Massachusetts, this case should be transferred, pursuant to 28 U.S.C. §1404(a), to the United States District Court for the District of South Carolina, Greenville Division.

This Motion is supported by the Affidavits of Dave Foster and Todd Lineberger and a Memorandum in Support of the Motion filed herewith.

WHEREFORE, Dispoz-o respectfully requests that the Court enter an Order directing the transfer of this case to the United States District Court for the District of South Carolina, Greenville Division, and for such further relief as this Court deems just and appropriate.

Respectfully submitted
DISPOZ-O PRODUCTS, INC.
By its attorney,

_____
Joan M. Griffin, BBO#: 549522
James A.G. Hamilton, BBO #: 218760
Daniel McCarthy, BBO#: 651559
PERKINS, SMITH & COHEN, LLP
One Beacon St., 30th Flr.
Boston, MA 02108
(617) 854-4297

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1(a)(2)

Counsel for Dispoz-o Products, Inc., Joan M. Griffin, certifies that she has conferred with counsel for Plaintiffs, Richard A. Johnston, and they were unable to narrow the issues.

_____
Joan M. Griffin

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for the Plaintiff, Richard A. Johnston, Esq. by hand on July 2, 2004.

_____
Joan M. Griffin

31298-2-MotTransferVenue.doc