# EXHIBIT 1

# HALE AND DORR LLP

COUNSELLORS AT LAW

**haledorr.com**

60 STATE STREET • BOSTON, MA 02109

617-526-6000 • FAX 617-526-5000

RICHARD A. JOHNSTON

617-526-6282
richard.johnston@haledorr.com

March 25, 2002

**By Facsimile and Federal Express**

John B. Hardaway, III, Esq.
Nexsen Pruet Jacobs & Pollard, LLC
201 W. McBee Avenue, Suite 400
Greenville, SC 29601

      Re:    Dispoz-o, Inc. v Trexel, Inc.
              Your file no.: 27158/006

Dear John:

Today I received your registered mail letter dated March 21, 2002, enclosing a copy of a complaint which Dispoz-o apparently filed against Trexel in the federal courts in South Carolina.

Whatever the reaction you and your client may have had to Trexel's good faith settlement proposal, I was quite surprised by the filing of a lawsuit at this point in time.

I assume that you and Dispoz-o are familiar with Section 9.9 of the Extension License Agreement, which requires that all unresolved disputes, except for requests for injunctive type relief must first be submitted to mediation in Boston. Thus your present litigation is premature and subject to dismissal.

I have enclosed a separate letter setting out Trexel's demand for mediation. Please let me know promptly whether you agree to Trexel's selection of mediator. If you attempt to serve the federal complaint on Trexel we intend to move for dismissal for failure to comply with the mandatory mediation provision.

I look forward to hearing from you.

Sincerely,

Richard A. Johnston

cc: David Bernstein

HALE AND DORR LLP
FILE COPY

*Hale and Dorr LLP is a Massachusetts Limited Liability Partnership and includes Professional Corporations*     * an independent joint venture law firm*

# HALE AND DORR LLP

C O U N S E L L O R S   A T   L A W

**haledorr.com**

60 STATE STREET •｛BOSTON, MA 02109

617-526-6000 • FAX 617-526-5000

RICHARD A. JOHNSTON

617-526-6282

richard.johnston@haledorr.com

March 25, 2002

**By Facsimile and Federal Express**

John B. Hardaway, III, Esq.
Nexsen Pruet Jacobs & Pollard, LLC
201 W. McBee Avenue, Suite 400
Greenville, SC  29601

> Re:  Extrusion License Agreement between Trexel, Inc. ("Trexel") and Dispoz-o, Inc.
> ("Dispoz-o") effective as of September 18, 2000
> Your Docket No. :  27158/006

Dear John:

Pursuant to Section 9.9 of the Extrusion License Agreement (the "Agreement"), Trexel hereby requests mediation for the resolution of the current disputes between Trexel and Dispoz-o.

As set forth in Section 9.9 of the Agreement, should any dispute between Trexel and Dispoz-o arise which they are unable to resolve within sixty (60) days, then such dispute shall first be submitted to mediation for resolution.  Trexel received a letter from you, dated December 14, 2001, which letter stated that Dispoz-o considered Trexel to be in breach of its performance obligations under the Agreement with regard to the commercial process for the production of Dispoz-o desired Microcellular Foam Product and requesting specific times, personnel and procedures by which Trexel would remedy this alleged failure to perform.  Trexel responded to that letter on January 11, 2002 explaining that Trexel did not consider itself to be in breach of this performance obligation as Trexel had provided to Dispoz-o on November 15, 2001 a detailed plan (the "November 15th Action Plan" which plan was agreed upon by Trexel and Dispoz-o during the course of a meeting conducted at Dispoz-o's facilities on November 15, 2001 and reduced to writing by Mr. Dave Foster of Dispoz-o in a letter dated November 16, 2001), for the development of a commercial process for the production of Dispoz-o desired Microcellular Foam Product, but that Trexel had not been able to engage in such plan due to the refusal of Dispoz-o to commence such November 15th Action Plan and communicate to Trexel the basic information which would allow Trexel to initiate such November 15th Action Plan. Further, we understand from Dispoz-o's letter dated January 14, 2002 and our subsequent meeting with you and your client at Dispoz-o on February 26, 2002, that Dispoz-o continues to consider this issue as unresolved.  As more than sixty (60) days have passed since your December 14, 2001 letter and in view of our understanding that Dispoz-o considers this issue to

BOSTON     LONDON*     MUNICH*     NEW YORK     OXFORD*     PRINCETON     RESTON     WALTHAM     WASHINGTON

*Hale and Dorr LLP is a Massachusetts Limited Liability Partnership and includes Professional Corporations      * an independent joint venture law firm*

John B. Hardaway, III, Esq.
March 25, 2002
Page 2

remain unresolved, Trexel hereby requests mediation so that the parties can attempt to amicably resolve this issue, as well as other issues in dispute, in a time efficient manner.

Pursuant to Section 9.9, mediation is to be conducted in Boston, MA. Trexel and Dispoz-o are to mutually agree upon a mediator, consent for whom shall not be unreasonably be withheld. Trexel hereby nominates Mr. Eric E. Van Loon of JAMS, located in Boston, Massachusetts, as the mediator.

The issues which Trexel seeks to have mediated include without limitation the following:

1.      Whether the demand by Dispoz-o on October 22, 2001 that Trexel assume all costs of the operation of the machinery during the start-up procedures, and pay to Dispoz-o a hourly fee for the participation of any Dispoz-o employee in such procedures, was a breach and/or repudiation of the Agreement.

2.      Whether the actions of Dispoz-o in refusing to cooperate with Trexel in the development of the commercial process as outlined under the November 15th Action Plan precluded Trexel from performing under the "Engineering and Support Package" (Appendix C of the Agreement).

3.      Whether the refusal of Dispoz-o to cooperate with Trexel as outlined under the November 15th Action Plan constitutes a breach and/or repudiation of the Agreement.

4.      Whether Dispoz-o's decision to suspend work on the full commercial production line (BGE line 2) while requiring Trexel to engage in work on a die obtained from Alcan Composites Inc., which work was outside the scope of the Engineering and Support Package, prevented or impeded Trexel from performing its obligations under the Engineering and Support Package.

5.      Whether Trexel is entitled to recover lost profits on the Agreement for breach of contract by Dispoz-o.

In addition, Trexel is owed the following sums of money from Dispoz-o and seeks to have them paid:

1.      The amount of one hundred ninety nine thousand, seven hundred thirty seven dollars and sixteen cents ($199,737.16) for equipment delivered to Dispoz-o by Trexel and tooling expenses related to such equipment incurred by Trexel on behalf of Dispoz-o but not reimbursed by Dispoz-o; and

2.      The amount of one hundred seventy two thousand, eight dollars and ninety cents ($172,008.90) for on-site consultation, and the related travel and lodging expenses, provided to Dispoz-o by Trexel in the course of work conducted at Dispoz-o facilities, which on-site support, as well as related travel and lodging expenses, was in addition to that which is specified in the Engineering and Support Package.

John B. Hardaway, III, Esq.
March 25, 2002
Page 3


      Please respond with Dispoz-o's assent to the selection of Mr. Van Loon as the mediator, or if you object to Mr. Van Loon, please state the grounds for such objection so that we can evaluate the reasonableness of the objection.

Sincerely,

*Richard A. Johnston*

Richard A. Johnston

cc:  David Bernstein