UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| TREXEL, INC. and MASSACHUSETTS INSTITUTE OF TECHNOLOGY,<br><br>Plaintiffs,<br><br>v.<br><br>DISPOZ-O PRODUCTS, INC.,<br><br>Defendant. | C.A. NO. 04CV10879-JLT |

## STIPULATED PROTECTIVE ORDER

Plaintiffs, Trexel, Inc. and Massachusetts Institute of Technology, and defendant Dispoz-o Products, Inc., stipulate and agree to, and request that the Court adopt and approve, the following:

### SCOPE

1. This Order shall apply to all documents, things, and other material or information produced in discovery in this action. The term "document" shall mean any written, typed or printed matter of any kind, sound recordings, photographs, computer files, or any other medium for preserving, duplicating or recording written or spoken words.

2. As used in this Order, "Producing Party" refers to the party or nonparty which produced Confidential Material, as hereinafter defined, or Trade Secret Material, as hereinafter defined. "Receiving Party" refers to the party or parties which received the Confidential Material or Trade Secret Material in question.

3.  In the event any documents, deposition testimony or other information or material is obtained from any person not a party to this litigation, such person shall have the same rights to designate any such material Confidential or Trade Secret as a party would have, and the use of such material by the parties shall be governed in all respects by this Protective Order. The term "party" and "parties" as used herein shall be deemed to include any such non-parties to the extent necessary or appropriate to effectuate the terms of this paragraph.

## CONFIDENTIAL MATERIAL

4.  Any party may designate as Confidential Material any document produced or other material or information (including oral testimony) sought to be discovered which in good faith it deems confidential.

5.  As used in this Order, "Confidential Material" shall mean all non-public information which the Receiving Party obtains only by reason of this litigation, through discovery or voluntary disclosures. The term "Confidential Material" shall include, to the extent the same are designated Confidential in accordance with Paragraph 6, infra, all or any of the following: (a) all documents, deposition testimony and other information or material produced or otherwise made available to the parties to this litigation; (b) all copies, abstracts, reports, studies, complete or partial summaries and other documents or materials made or prepared from Confidential Material; and (c) all deposition transcripts, briefs, memoranda, exhibits, and other pleadings or writings which include, summarize or otherwise disclose any Confidential Material.

6.  Any party wishing to designate material as Confidential Material shall place or cause to be placed upon such material a "CONFIDENTIAL" legend, or such other designation as may

reasonably identify that the material is to be treated as Confidential Material. Whenever only a portion of a document, transcript or other material is deemed Confidential, the party claiming confidentiality shall, to the extent reasonably practicable, limit the designation to such portion of the material. However, if it is not reasonably practicable to so limit the designation, the entire document, transcript or other material may be designated as Confidential Material. With respect to any Confidential Material, such as deposition transcripts, which are not produced under the control of the party claiming confidentiality, the other party shall cooperate to assure that all copies of such material bear the above legend to the extent requested by the party claiming confidentiality.

7. Appropriate portions of depositions may be designated as Confidential Material under this Order by so expressly notifying the other party during the deposition, or in writing within ten (10) days of receipt of the deposition transcript. All deposition transcripts shall presumptively be treated as Confidential Material in accordance with the definitions above for a period of ten (10) days after the transcript of said deposition is received.

8. Except as hereinafter provided, Confidential Material and the contents of Confidential Material shall not be shown to, given to, discussed with or otherwise disclosed to any person other than the Producing Party, if he or she is an individual, or representatives of the Producing Party, if it is a business organization, and the following:

   a. Counsel of record for the parties, and any partner, associate, patent agent, law clerk, patent law trainee, paralegal, or clerical personnel thereof who needs access to such material in the ordinary course of assisting in this litigation, as well as in-house counsel working on this litigation;

  b. The parties to this litigation, and in the case of a business organization, officers, directors, or employees of such party with direct responsibility for assisting in the litigation;

  c. The authors, addressees, recipients or originators of Confidential Material;

  d. Any person retained as an expert or consultant, including accountants, of any party for the purpose of assisting with this litigation;

  e. Any person agreed to by the parties; and

  f. The Court, provided that any Confidential Material submitted to or filed with the Court, including, but not necessarily limited to, deposition transcripts, pleadings, briefs and exhibits, shall not be filed unless in a sealed envelope conspicuously marked: "CONFIDENTIAL. THIS ENVELOPE IS NOT SUBJECT TO RELEASE OR INSPECTION EXCEPT BY ORDER OF THE COURT OR UPON AGREEMENT OF THE PARTIES." provided, however, that if the Court shall refuse to grant any party's request to so treat material which the party proposes to file, the party may file such material with the Court, but such filing shall not be deemed to waive any other disclosure restriction contained herein.

  9. Before any disclosure of Confidential Material is made to an individual described above in paragraph 8 (b), (d) or (e) of this Order, the person to whom the Confidential Material is to be disclosed by the Receiving Party shall execute an Affidavit in the form attached hereto as Exhibit A.

TRADE SECRET MATERIAL

  10. Insofar as Confidential Material is believed by a Producing Party to be non-public

information of competitive sensitivity, the revelation of which would pose the risk of harm to the Producing Party, the Producing Party may further designate such information "Trade Secret" or "Attorneys Eyes Only" (hereinafter "Trade Secret Material"). Any party wishing to designate material as "Trade Secret" shall place or cause to be placed upon such material a "TRADE SECRET" or "ATTORNEYS EYES ONLY" legend, or such other legend as may reasonably identify that the material is to be treated as Trade Secret Material.

11. Except as hereinafter provided, Trade Secret Material and the contents thereof shall not be shown to, given to, discussed with or otherwise disclosed to any person other than the Producing Party, if he or she is an individual, or representatives of the Producing Party, if it is a business organization, and the following:

    a. Counsel of record for the parties, and any partner, associate, patent agent, law clerk, patent law trainee, paralegal, or clerical personnel thereof who needs access to such material in the ordinary course of assisting in this litigation, but excluding in-house counsel;

    b. The authors or originators of the Trade Secret Material;

    c. The Court, provided that any Trade Secret Material submitted to or filed with the Court, including, but not necessarily limited to, deposition transcripts, pleadings, briefs and exhibits, shall not be filed unless in a sealed envelope conspicuously marked: "TRADE SECRET- THIS ENVELOPE IS NOT SUBJECT TO RELEASE OR INSPECTION EXCEPT BY ORDER OF THE COURT OR UPON AGREEMENT OF THE PARTIES." provided, however, that if the Court shall refuse to grant any party's request to so treat material which the party proposes to file, the party may file such material with the Court, but such filing shall not be deemed to waive any

other disclosure restriction contained herein; and

    d.    Any person retained as an expert or consultant on behalf of any party for the purpose of assisting in connection with this litigation.

12.    Before any disclosure of Trade Secret Material of the Producing Party is made to an individual described above in paragraph 11(d) of this Order, an attorney for the Receiving Party shall serve a Notice on the Producing Party identifying the said individual by name and address and shall provide a curriculum vitae or equivalent resume, along with an identification of the general subject matter of the Trade Secret Material produced by the Producing Party and intended for disclosure to said individual. Such Notice shall be accompanied by an executed Affidavit from the individual to whom the disclosure is to be made, in the form attached hereto as Exhibit B. The Producing Party shall state any objections to the proposed disclosure and state the reasons therefore in writing to the Receiving Party within ten (10) business days of the Notice. Unless the Producing Party objects to the disclosure in accordance with the Notice and timing provisions of paragraphs 12 and 19 the individual identified in the Notice shall be considered a qualified recipient of Trade Secret Material under the terms of this Order. Should the Producing Party properly object, Trade Secret Material shall not be disclosed unless the Receiving Party obtains an Order of this Court permitting disclosure.

## DISCLOSURE TO TESTIFYING WITNESSES

13.    In addition to those persons identified in paragraphs 8 and 11 as authorized persons for receipt of Confidential Material or Trade Secret Material, either party may show such material to a testifying witness, whether at deposition or trial, to the extent necessary in good faith to obtain

needed discovery or trial testimony, on the following conditions:

    a.    the Producing Party shall be provided with an opportunity to review the Confidential Material or Trade Secret Material on which the inquiring attorney intends to examine the witness prior to its disclosure to the witness, and, if the Producing Party objects to such disclosure, a ruling shall be obtained from the Court prior to such disclosure; and

    b.    the party seeking to use Trade Secret Material shall inform the witness of this Order prior to use of the Trade Secret Material, and shall obtain the witness's agreement under oath on the record to be bound by this Protective Order; and

    c.    in the event the witness refuses to agree to maintain the confidentiality of the information as provided in subparagraph b. above, and, if the parties cannot agree on the record as to a manner to resolve the problem created thereby, no disclosure shall be made to the witness unless the Court orders that such disclosure be made.

14. Any deposition or portion thereof during which Confidential Material or Trade Secret Material is being disclosed shall be taken as if *in camera* without any persons in attendance other than those set forth in paragraphs 8 and 11, as applicable, the deposition witness and the court reporter.

<u>OTHER PROVISIONS GOVERNING CONFIDENTIALITY OBLIGATIONS</u>

15. The Clerk of this Court is directed to maintain under seal all material filed in this Court in this litigation which has been marked or designated, in whole or in part, as Confidential Material or Trade Secret Material and filed in accordance with the provisions of paragraphs 8 (e) and 11 (c).

16. In no event shall any person make any use of any Confidential Material or Trade Secret Material received in connection with this litigation for any purpose other than for the prosecution, defense or settlement of this litigation.

17. Marking of documents with the CONFIDENTIAL or TRADE SECRET MATERIAL or ATTORNEYS' EYES ONLY legend shall not be required prior to inspection of the documents by the Receiving Party pursuant to voluntary disclosures or in response to formal requests for production of documents. For the convenience of the parties, the legend may be affixed to the copies of documents requested pursuant to such inspection prior to delivery of the copies to the Receiving Party, and all documents made available for inspection shall be treated as though they had been designated TRADE SECRET MATERIAL until and unless the Receiving Party receives copies which have not been so designated.

18. The Receiving Party shall be required to take adequate precautions to protect the confidentiality of Confidential Material and Trade Secret Material received from the Producing Party. No copies of such material shall be made except by persons designated pursuant to paragraphs 8(a), (d), (e) and (g) and 11 (a), (c) and (d) and copies shall only be made on an as-needed basis and shall be afforded the same level of protection as the original copies.

19. All notices required by paragraphs 12 and 23 of this Order are to be effected by facsimile, or hand delivery, and regular mail to Richard Johnston, Esq. And Cynthia Vreeland, Esq. (if to plaintiffs) and to Joan M. Griffin, Esq. (if to defendant). In addition, the attorney effecting service shall telephone an attorney at the firm receiving Notice to inform that attorney that service

of the notice is forthcoming. The date by which a party receiving notice shall respond or otherwise take action shall be computed from the date of fax or hand delivery of the notice or the accompanying telephone call, whichever is later in time. Any of the notice requirements herein may be waived in whole or in part, but only in writing signed by an attorney for the Producing Party.

## APPLICABILITY OF THIS ORDER

20. In the event that any party voluntarily discloses its own Confidential Material or Trade Secret Material, that disclosure shall not be deemed a waiver of that party's right to preserve the confidentiality of that or any other information, and the Receiving Party is not thereby relieved of its obligations under this Order to preserve the confidentiality of Confidential Material and Trade Secret Material in accordance with the provisions of this Order.

21. Notwithstanding the other provisions of this Order, any party may at any time elect to treat information previously disclosed to the other party as Confidential Material or Trade Secret Material upon a good faith determination by it that such designation is appropriate under the terms of this Order, and further provided that the information which the Producing Party seeks to so designate has not been disclosed by the Receiving Party prior to receipt of notice from the Producing Party of its request for CONFIDENTIAL or TRADE SECRET designation. The Producing Party shall notify the Receiving Party in writing of the Producing Party's election to so treat the disclosed information. If the material designated in the notice has been disclosed by the Receiving Party prior to receipt of the notice, the notice shall be ineffective to change the status of the material previously disclosed, and the Receiving Party shall immediately so inform the Producing Party. If the material has not been previously disclosed, effective upon receipt of the notice, the material in question shall

have the status designated in the notice, and shall be subject to all the provisions of this Order, and the Receiving Party shall promptly mark or stamp or permit the Producing Party to mark or stamp the designated information with the CONFIDENTIAL or TRADE SECRET legend.

22. The restrictions placed by this Order on a Receiving Party shall not apply to any information that:

    a. Is, through no act or omission by the Receiving Party or its employees, available publicly or is a matter of public record on file with any governmental or regulatory agency or board;

    b. Was in the Receiving Party's lawful possession prior to disclosure; or

    c. Is thereafter lawfully disclosed to the Receiving Party by a third party that did not acquire the information under an obligation of confidentiality from or through the Producing Party.

23. The Receiving Party may request the Producing Party to cancel the Confidential Material or Trade Secret Material designation of any document, object and/or information. Such request shall be by written notice served on counsel for the Producing Party. The written notice shall particularly identify the material designated Confidential Material or Trade Secret Material that the Receiving Party seeks to disclose. The request shall become effective to eliminate the Confidential Material designation unless within ten (10) business days of receipt of such notice, the Producing Party denies the request in writing and seeks a protective order from the Court, in which event the designation shall remain in effect until further order of the Court or written agreement of the parties.

24. Termination of this litigation shall not relieve any person from the obligations of this Order, unless the Court so orders. Upon the conclusion or final settlement of this litigation, all persons subject to the terms hereof, within five (5) business days after such conclusion or settlement, shall destroy, or assemble and return to the Producing Party if so requested, all documents (including all copies thereof) and those portions of transcripts containing Confidential Material or Trade Secret Material obtained from the opposing party, and shall return or destroy such outlines, summaries, abstracts, compilations, memoranda, documents, and the like which constitute, embody, reflect, contain, concern, or disclose Confidential Material or Trade Secret Material, except that the Receiving Party's lead litigation counsel of record may retain one archival copy of pleadings, transcripts and work product which contain Confidential Material or Trade Secret Material, which materials shall nonetheless remain subject to this Protective Order.

25. If any person receiving documents covered by this Protective Order (the "Receiver") (a) is subpoenaed in another action, or (b) is served with a demand in another action to which he, she or it is a party, or (c) is served with any other legal process by one not a party to this litigation seeking Confidential Material which was produced or designated as Confidential by someone other than the Receiver, the Receiver shall give prompt written notice of such to those who produced or designated the material Confidential or Trade Secret and shall object to its production. Nothing herein shall be construed as requiring the Receiver or anyone else covered by this Protective Order to challenge or appeal any order requiring production of Confidential Material or Trade Secret Material covered by this Protective Order, or to subject himself, herself or itself to any penalties for

noncompliance with any legal process or order, or to seek any relief from this or any other Court.

26.  This Order is without prejudice to the rights of a party to move for relief from any of its provisions, or to seek or agree to different or additional protection, or to seek or agree to further disclosures for any particular material or information.

27.  Nothing in this Order constitutes a finding that any of the information disclosed or contained in any Confidential Material or Trade Secret Material is confidential material or trade secret material under the law, and nothing herein shall prevent any party from contending that any or all such information is not confidential material or protected trade secret material by law.

28.  Entry of this Order shall not constitute a waiver by the parties of any objections to disclosure and/or production of any information during discovery.

29.  This agreement will be binding on the parties upon execution by the parties prior to endorsement by the Court.

AGREED TO:

_____  Dated: August 9, 2004
Joan M. Griffin, Esq. BBO#: 549522
PERKINS, SMITH & COHEN, LLP
One Beacon St., 30th Flr.
Boston, MA  02108
617-854-4297

_____  Dated:  August 9, 2004
Richard A. Johnston, Esq. BBO#: 253420
Cynthia Vreeland, Esq. BBO#: 635143
WILMER CUTLER PICKERING HALE & DORR LLP
60 State Street
Boston, MA  02109
617-526-6282

So ORDERED this ___ day of August, 2004.

_____
District Court Judge

StipProtectOrd2.doc

EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TREXEL, INC. and MASSACHUSETTS INSTITUTE OF TECHNOLOGY, | ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) C.A. NO. 04CV10879-JLT |
| DISPOZ-O PRODUCTS, INC., | ) ) ) |
| Defendant. | ) ) |

**AFFIDAVIT REGARDING CONFIDENTIAL INFORMATION**

I, _____, hereby acknowledge that I am to have access to information designated "CONFIDENTIAL" in the above-captioned litigation. I certify my understanding that such information is to be provided to me pursuant to the terms and restrictions of the Stipulated Protective Order (the "Protective Order") dated August 9, 2004 in the above-captioned litigation and that I have been given a copy of and have read said Protective Order and agree to be bound by the terms thereof. I further agree to submit, for purposes of enforcing the terms of the Protective Order, to jurisdiction in the United StatesDistrict Court, District of Massachusetts.

I further acknowledge that the failure on my part to comply with the provisions of the Protective Order may be punishable by contempt of court and may render me liable to any party, person or entity damaged thereby.

Signature:_____

Name (Printed):_____

Business Affiliation:_____

Business Address:_____

EXHIBIT B

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TREXEL, INC. and MASSACHUSETTS INSTITUTE OF TECHNOLOGY,<br><br>Plaintiffs,<br><br>v.<br><br>DISPOZ-O PRODUCTS, INC.,<br><br>Defendant. | C.A. NO. 04CV10879-JLT |

**AFFIDAVIT REGARDING CONFIDENTIAL/TRADE SECRET INFORMATION**

I, _____, hereby acknowledge that I am to have access to information designated "CONFIDENTIAL", "TRADE SECRET" or "ATTORNEYS' EYES ONLY" in the above-captioned litigation. I certify my understanding that such information is to be provided to me pursuant to the terms and restrictions of the Stipulated Protective Order (the "Protective Order") dated August 9, 2004 in the above-captioned litigation and that I have been given a copy of and have read said Protective Order and agree to be bound by the terms thereof. I further agree to submit, for purposes of enforcing the terms of the Protective Order, to jurisdiction in the United States District Court, District of Massachusetts.

I further acknowledge that the failure on my part to comply with the provisions of the Protective Order may be punishable by contempt of court and may render me liable to any party, person or entity damaged thereby.

Signature:_____

Name (Printed):_____

Business Affiliation:_____

Business Address:_____